IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| Tanya Johnson and Tiffany Johnson, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | **ORDER ON MOTION FOR** |
| vs. | ) | **SUMMARY JUDGMENT** |
| | ) | |
| Auto-Owners Insurance Company, | ) | Civil No. 3:07-cv-87 |
| | ) | |
| Defendant. | ) | |

Before the Court is a Motion for Summary Judgment filed by Defendant Auto-Owners Insurance Company ("Auto-Owners") (Doc. #18). Plaintiffs Tanya Johnson and Tiffany Johnson ("the Johnsons") have filed a brief in opposition (Doc. #24). The Court has carefully considered the briefs and documents filed by the parties and now issues this memorandum opinion and order.

## SUMMARY OF DECISION

Viewing the evidence in a light most favorable to the Johnsons, and giving them the benefit of all reasonable inferences to be drawn from the facts, the Court concludes there are genuine issues of material fact as to all the claims asserted in the Amended Complaint, and therefore Auto-Owners' Motion for Summary Judgment is DENIED.

## FACTUAL BACKGROUND

The instant action arises out of three separate motor vehicle accidents involving Plaintiff Tanya Johnson and her adult daughter, Plaintiff Tiffany Johnson. On September 19, 2003, Tiffany Johnson was driving a 1977 Caprice Classic on 1st Avenue North in Fargo, North Dakota, when she was rear-ended by a hit-and-run driver in another vehicle. On October 27, 2003, Tanya Johnson was driving a 1989 GMC Suburban southbound on 42nd Street in Fargo, North Dakota, with her son

1

riding as a passenger, when her vehicle was broad-sided on the passenger side by another vehicle. On March 29, 2004, Tanya Johnson was driving a 1977 Caprice Classic in Moorhead, Minnesota, with Tiffany Johnson riding as a front-seat passenger, when the vehicle was rear-ended by another vehicle at a stop light.

At the time of these accidents, the Johnsons were insured under a motor vehicle policy issued by Defendant Auto-Owners Insurance Company.  After each respective accident, the Johnsons submitted claims to Auto-Owners seeking no-fault benefits for medical treatment of their accident-related injuries.  Auto-Owners initially accepted their claims and paid no-fault benefits for their treatment, including chiropractic treatment and massage therapy.

After paying benefits to the Johnsons for some time, Auto-Owners eventually arranged for them to undergo independent medical examinations ("IMEs") to determine whether further treatment was warranted.  On August 5, 2004, Dr. Brad Helms at Integrity Medicolegal Enterprises conducted an IME of Tiffany Johnson.  Several weeks later, Auto-Owners notified Tiffany Johnson that it was discontinuing her no-fault benefits as to both the September 2003 and March 2004 accidents based on the results of the IME and the report of Dr. Helms.[1]  Shortly thereafter, on October 28, 2004, Dr. Helms conducted an IME of Tanya Johnson.  A few weeks later, Auto-Owners notified Tanya Johnson that it would not pay for any further treatment for the October 2003 and March 2004 accidents based on Dr. Helms' report of the IME.

On September 7, 2007, the Johnsons filed suit against Auto-Owners in Cass County District Court.  Auto-Owners then removed the action to this Court on the basis of diversity jurisdiction.

---

[1] Because Tiffany Johnson's claims were handled by two different claims adjusters, she received two letters discontinuing her benefits.  Her no-fault benefits for the September 2003 accident were discontinued in a letter dated August 19, 2004.  Her no-fault benefits for the March 2004 accident were discontinued in a letter dated August 25, 2004.

In their Amended Complaint, the Johnsons essentially allege three different causes of action against Auto-Owners.  First, both Tanya Johnson and Tiffany Johnson allege that Auto-Owners wrongfully failed to pay no-fault benefits for reasonable and necessary medical treatment required as a result of their accident-related injuries.  Second, both Tanya Johnson and Tiffany Johnson allege that Auto-Owners acted in bad faith in the investigation, processing, and payment of their claims for no-fault benefits.  Third, Tiffany Johnson alleges that she is entitled to uninsured motorist benefits for damages she suffered as a result of the September 2003 accident, which was negligently caused by an unidentified hit-and-run driver.

Auto-Owners now moves for summary judgment as to all of the Johnsons' claims, arguing that there are no genuine issues of material fact and that judgment is appropriate as a matter of law. In opposition, the Johnsons contend that there are numerous issues of material fact in this case, and therefore all of their claims must be allowed to proceed to trial.

## DISCUSSION

Summary judgment is appropriate when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).  The burden of proof is on the moving party to establish the basis for its motion.  Donovan v. Harrah's Md. Heights Corp., 289 F.3d 527, 529 (8th Cir. 2002). It is axiomatic that the evidence is viewed in a light most favorable to the nonmoving party, and the nonmoving party enjoys the benefit of all reasonable inferences to be drawn from the facts.  See, e.g., Vacca v. Viacom Broad. of Mo., Inc., 875 F.2d 1337, 1339 (8th Cir. 1989) (quotations omitted). If the moving party shows there are no genuine issues of material fact, the burden shifts to the nonmoving party to set forth facts showing a genuine issue for trial.  Donovan, 298 F.3d at 529.

A fact is "material" if it might affect the outcome of the case, and a factual dispute is "genuine" if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  The basic inquiry is whether the evidence presents a sufficient disagreement to require full consideration on the merits by a jury, or whether it is so one-sided that one party must prevail as a matter of law.  Diesel Mach., Inc. v. B.R. Lee Indus., 418 F.3d 820, 832 (8th Cir. 2005).

When the unresolved issues in a case are primarily legal rather than factual, summary judgment is particularly appropriate.  Mansker v. TMG Life Ins. Co., 54 F.3d 1322, 1326 (8th Cir. 1995).  However, although summary judgment may be an appropriate and useful tool to avoid useless and time-consuming trials, "[it] should not be granted unless the moving party has established the right to a judgment with such clarity as to leave no room for controversy."  Vacca, 875 F.2d at 1339 (citations omitted).

## I.  Failure to Pay No-Fault Benefits for Reasonable and Necessary Medical Treatment as to Tanya Johnson and Tiffany Johnson

Auto-Owners contends that summary judgment is appropriate on the cause of action for failure to pay no-fault benefits because it has produced an "inordinate amount" of evidence showing that the Johnsons' claims for continued medical treatment were properly handled and lawfully denied.  Specifically, Auto-Owners points to the results of the IMEs, the opinions of Dr. Helms, and the Johnsons' history of seeking chiropractic treatment prior to the accidents.[2]  In response, the

---

[2] Auto-Owners also points to the expert reports of Carlton Hunke in support of its motion, particularly with regard to the claims for failure to pay no-fault benefits and bad faith.  Although the Court reviewed these expert reports, it did not find them useful in resolving this summary judgment motion.  Because Hunke's expert reports had no effect on the Court's decision, it will not address the parties' extensive arguments regarding the admissibility of expert testimony on the issue of whether Auto-Owners acted unreasonably or in bad faith.  If any of the parties wish to take up this evidentiary issue prior to trial, they should make an appropriate motion in limine.

Johnsons argue that their own testimony regarding their accident-related injuries and the ensuing medical treatment is enough to create an issue of fact for the jury to decide.

Under the motor vehicle insurance policy in effect at the time of the accidents, Auto-Owners agreed to pay "personal injury protection benefits for accidental **bodily injury** sustained by an **eligible injured person** and arising out of the operation, maintenance or use of a **motor vehicle** as a vehicle."  Br. in Supp. of Mot. for Summ. J., Exhibit D, at 10.  Personal injury protection benefits include "medical expenses," which are defined as "reasonable charges incurred for necessary medical, surgical, x-ray, dental, prosthetic, ambulance, hospital, or professional nursing services or services for remedial treatment and care rendered in accordance with a recognized religious healing method."  Id.  The definition of "medical expenses" in the policy exactly tracks the language of N.D.C.C. § 26.1-41-01(9), as it was codified at the time this cause of action arose in 2003 and 2004. See N.D.C.C. § 26.1-41-01(9) (2002).

The necessity of medical services and the reasonableness of the charges for those services are questions of fact.  See, e.g., Spring Creek Ranch, LLC v. Svenberg, 1999 ND 113, ¶ 19, 595 N.W.2d 323, 328 ("Whether an inquiry is reasonable under the circumstances is generally a question of fact . . . ."); Erdmann v. Thomas, 446 N.W.2d 245, 248 (N.D. 1989) ("The [medical] bills having been properly admitted in evidence, the question whether the medical expenses were necessitated by the accident became one for the jury."); Keller v. Hummel, 334 N.W.2d 200, 203-04 (N.D. 1983) ("What constitutes a reasonable time within the facts of a given case is a question of fact.").  Furthermore, the degree of aggravation of preexisting conditions is generally a factual question for the jury.  Tuhy v. Schlabsz, 1998 ND 31, ¶ 13, 574 N.W.2d 823, 826.  A question of fact becomes a question of law only when a reasonable person can draw a single conclusion from the evidence.

5

McDowell v. Gillie, 2001 ND 91, ¶ 5, 626 N.W.2d 666, 668; see also Miles v. A.O. Smith Harvestore Prods., Inc., 992 F.2d 813, 817 (8th Cir. 1993) (stating that the district court may resolve fact issues as a matter of law when "the evidence leaves no room for a reasonable difference of opinion").

Viewing the evidence in a light most favorable to the Johnsons, the Court concludes there is sufficient disagreement on the reasonableness and necessity of continued medical treatment to require full consideration by a jury.  In arguing that summary judgment on these claims is appropriate, Auto-Owners has marshaled the evidence which weighs in favor of its position that the discontinuation of no-fault benefits was lawful.  However, the record also contains evidence which lends support to the Johnsons' claims that they are entitled to continuing no-fault benefits for treatment of their accident-related injuries.  In particular, the Johnsons' deposition testimony shows that there are material factual disputes about the nature and causation of their injuries and the necessity of medical treatment.

At her deposition, Tanya Johnson testified that: (1) she sustained injuries to her right hand, arm, and shoulder, as well as her neck and upper back, in the accidents of October 2003 and March 2004; (2) she sought treatment for those injuries from Dr. Beth Nokken, a chiropractor, and Dr. Lynden Kurtz, a physical therapist at Pro Rehab Center, as well as massage therapy from Annette Rogolo; (3) she began experiencing numbness in her hands and arm shortly after the first accident in October 2003; (4) she was still experiencing physical problems and receiving treatment for the first accident at the time of the second accident in March 2004; (5) the second accident aggravated her injuries from the first accident; (6) Dr. Nokken and Dr. Kurtz both diagnosed her with soft tissue damage; (7) Dr. Nokken and Dr. Kurtz both informed her that the soft tissue damage would be a

problem for the rest of her life, and that she would continue to require some type of treatment; (8) her work as a house cleaner has become more difficult since the accidents; (9) she has given up some activities involving fine motor skills since the accidents; and (10) she is still receiving treatment for both accidents from Dr. Nokken.

Similarly, at her deposition, Tiffany Johnson testified that: (1) she sustained injuries to her neck, back, and shoulders in the accidents of September 2003 and March 2004; (2) she sought treatment for those injuries from Dr. Nokken and Dr. Kurtz; (3) her preexisting neck, back, and shoulder problems were 95% worse after the accident in September 2003; (4) she was still receiving treatment for the first accident at the time of the second accident in March 2004; (5) the second accident aggravated her injuries from the first accident; (6) Dr. Kurtz diagnosed her with severe soft tissue damage; (7) Dr. Nokken informed her that she would need treatment for the rest of her life due to the soft tissue damage; (8) certain areas of her body are still aggravated by certain activities as a result of the accidents; and (9) she is still treating with Dr. Nokken for her accident-related injuries.

On this record, the Court simply cannot conclude that the evidence on the reasonableness and necessity of continued medical treatment is so one-sided that Auto-Owners must prevail as a matter of law. Rather, a reasonable jury could return a verdict for the Johnsons if it finds their testimony about the nature and extent of their injuries to be credible. See Tuhy, 1998 ND 31, ¶ 16, 574 N.W.2d at 826-27 (stating that "[t]he evidence of the nonmovant is to be believed" on a motion for summary judgment, and "[c]redibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge"). Therefore, because there are genuine issues of material fact regarding the necessity of continued treatment for

the Johnsons, Auto-Owners' motion for summary judgment on the cause of action for failure to pay no-fault benefits is DENIED.

### II. Bad Faith Denial of No-Fault Benefits as to Tanya Johnson and Tiffany Johnson

Auto-Owners has also moved for summary judgment on the Johnsons' bad faith claim, arguing that there was nothing unreasonable about the manner in which their benefits were terminated in this case. Auto-Owners contends that it acted reasonably by requesting an IME, as permitted under North Dakota law, and that the Johnsons have not produced any evidence showing that it acted in bad faith, other than the fact that their claims were denied. The Johnsons counter that there are genuine issues of material fact regarding whether Auto-Owners conducted a reasonable investigation of their claims before terminating their benefits.

An insurer has a duty to act fairly and in good faith in dealing with its insured, including a duty of fair dealing in paying claims, providing defenses to claims, negotiating settlements, and fulfilling all other contractual obligations. Hartman v. Miller, 2003 ND 24, ¶ 12, 656 N.W.2d 676, 680. The gravamen of the test for bad faith is whether the insurer acts unreasonably in handling an insured's claim. Fetch v. Quam, 2001 ND 48, ¶ 12, 623 N.W.2d 357, 361. Whether an insurer has acted in bad faith is ordinarily a question of fact to be determined by the trier of fact. Hartman, 2003 ND 24, ¶ 12, 656 N.W.2d at 681; Fetch, 2001 ND 48, ¶ 12, 623 N.W.2d at 361; see also Hart Constr. Co. v. Am. Family Mut. Ins. Co., 514 N.W.2d 384, 391 (N.D. 1994) ("Whether an insurer has acted in bad faith in refusing to pay amounts claimed under an insurance policy is a question of fact.").

An insurer acts unreasonably by failing to compensate the insured for a loss covered by the policy, unless the insurer has a proper cause for refusing payment. Fetch, 2001 ND 48, ¶ 13, 623 N.W.2d at 361. As a matter of law, an insurance company is not guilty of bad faith for denying a

claim when the claim is fairly debatable, or if there is a reasonable basis for denying the claim or delaying payment.  Hartman, 2003 ND 24, ¶ 12, 656 N.W.2d at 681.

After carefully reviewing the evidence in the light most favorable to the Johnsons, and giving them the benefit of all reasonable inferences to be drawn from the evidence, the Court finds that there is a factual dispute on the issue of bad faith such that a reasonable jury could return a verdict in their favor.  There are genuine issues of material fact regarding whether Auto-Owners breached its duty of good faith and fair dealing to the Johnsons, including whether it acted reasonably in handling their claims, whether it had a reasonable basis for denying their claims, and whether the claims were fairly debatable.

As to Tanya Johnson's bad faith claim, the record indicates that: (1) Dr. Helms examined her for only thirty minutes of her scheduled one-hour appointment; (2) Dr. Helms did not include all her complaints of pain in his report; (3) Dr. Helms reached his opinion without reviewing any of her treatment records after December 2003; (4) Tracy Dorscher, the claims adjuster who handled the case, terminated her benefits based solely on the opinion of Dr. Helms;[3] (5) Dorscher did not conduct any further investigation after receiving Dr. Helms' report; (6) Dorscher did not remember consulting with Dr. Nokken, Tanya Johnson's treating chiropractor, about the necessity of treatment; and (7) Dorscher never consulted with Dr. Kurtz, Tanya Johnson's physical therapist, for his opinion as to the causation of her injuries.

---

[3] Dr. Helms apparently amended his IME reports as to both Tanya Johnson and Tiffany Johnson on August 23, 2008, approximately four years after the submission of his original reports.  See Def.'s Reply Br. in Supp. of Mot. for Summ. J., Exhibits A-1 & A-2.  These addendums do not appear anywhere in the record, so the Court has not reviewed them.  However, the Court notes that they would be of limited value in any event, because Auto-Owners did not rely on the addendums in reaching its decision to terminate benefits.

9

Likewise, as to Tiffany Johnson's bad faith claim, the record shows that: (1) Dr. Helms examined her for about fifteen or twenty minutes; (2) Dr. Helms reviewed only a few records prior to her IME; (3) Dr. Helms did not review any records from her chiropractic treatment with Dr. Nokken; (4) Dr. Helms' opinion only tangentially addressed the March 2004 accident; (5) Dr. Helms expressly concluded that she required no further medical treatment as a result of the September 2003 accident, but he reached no similar conclusion about the March 2004 accident; (6) Tiffany Johnson never had any direct conversations with anyone at Auto-Owners about her medical treatment; (7) the claims adjusters, Marvin Lake and Tracy Dorscher, decided to discontinue benefits based solely on the IME and the opinion of Dr. Helms; (8) Lake did not seek the opinion of any other doctors before making that decision, including Dr. Nokken, Tiffany Johnson's treating chiropractor; and (9) Dorscher did not see anywhere in the report where Dr. Helms expressly stated that Tiffany Johnson did not need treatment for the March 2004 accident.

Whether an insurer has acted unreasonably and in bad faith is ordinarily a question of fact, and the evidence here is not so one-sided that Auto-Owners must prevail as a matter of law. Although Auto-Owners correctly states that it is permitted to require IMEs under North Dakota law, see N.D.C.C. § 26.1-41-11 (2002), the Court is not aware of any North Dakota case holding that an insurer's termination of benefits after an IME is reasonable in all circumstances as a matter of law. In this case, the Johnsons have set forth facts which, when viewed in the light most favorable to them, indicate that Auto-Owners acted unreasonably in its investigation, processing, and denial of their claims. Because there is a genuine dispute of material fact, the Court concludes it is for the jury to decide whether Auto-Owners breached its duty of good faith to the Johnsons. Auto-Owners' motion for summary judgment as to the cause of action for bad faith is DENIED.

### III.  Claim for Uninsured Motorist Benefits as to Tiffany Johnson

Finally, Auto-Owners argues that it should be granted summary judgment as to Tiffany Johnson's claim for uninsured motorist benefits because she cannot meet the threshold of $2,500.00 in medical expenses required to show a "serious injury."  See N.D.C.C. § 26.1-40-15.6(3) (2002) (setting forth certain limitations on uninsured motorist coverage); N.D.C.C. § 26.1-41-01(21) (2002) (defining "serious injury" to include an accidental bodily injury which results in "medical expenses in excess of two thousand five hundred dollars").  Auto-Owners contends that her medical expenses resulting from the September 2003 accident total only $1,968.00.  In opposition, Tiffany Johnson has submitted sworn affidavits showing that Auto-Owners has already paid $2,224.00 in medical expenses to Dr. Nokken as a result of the September 2003 accident, and that she received additional treatment from Pro Rehab Center in the amount of $5,127.00 for injuries she suffered in the September 2003 and March 2004 accidents.  See Aff. of Tiffany Johnson; Aff. of Al Baker.

The resolution of this issue is squarely controlled by the North Dakota Supreme Court's decision in Tuhy v. Schlabsz, 1998 ND 31, 574 N.W.2d 823.  In Tuhy, the plaintiff submitted an affidavit asserting that she had incurred $3,508.00 in medical expenses as a result of a motor vehicle accident.  Id. ¶ 10, 574 N.W.2d at 825.  The court held that the affidavit was adequate evidence that her past medical expenses met the "serious injury" threshold.  Id. ¶ 11, 574 N.W.2d at 825-26.  Because the threshold was met by the sworn testimony of the claimant, "the question whether the medical expenses were necessitated by the accident became one for the jury."  Id. at 826 (quoting Erdmann v. Thomas, 446 N.W.2d 245, 247 (N.D. 1989)).

Here, Tiffany Johnson has submitted sworn affidavits showing more than $2,500.00 in medical expenses as a result of the September 2003 and March 2004 accidents.  Although Auto-

11

Owners disputes that amount, Johnson's affidavit evidence is sufficient to create a genuine dispute of material fact about the amount of medical expenses she has incurred as a result of the September 2003 accident.  Whether those medical expenses were necessitated by the September 2003 accident is a question of fact for the jury to decide.  Therefore, Auto-Owners' motion for summary judgment as to Tiffany Johnson's claim for uninsured motorist benefits is DENIED.

## **DECISION**

For the foregoing reasons, Auto-Owners' Motion for Summary Judgment is in all respects **DENIED**.

**IT IS SO ORDERED.**

Dated this 19th day of March, 2009.


_____/s/   Ralph R. Erickson_____
Ralph R. Erickson, District Judge
United States District Court